DECISION
Defendant-appellant, Michael Morris, appeals from a judgment of the Franklin County Municipal Court finding him guilty of changing lanes without safety in violation of Columbus City Code 2131.08(A).
Pursuant to a traffic complaint issued on June 30, 2001, defendant was charged with changing lanes without safety. At his arraignment on June 9, 2001, defendant entered a demand for a court trial, and at the top of the document printed "Deaf Interpreter." The matter was heard before the trial court on August 6, 2001, the trial court found defendant guilty of changing lanes without safety, and it imposed sentence. Defendant appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
 The trial court erred and violated O.R.C. § 2311.14 by not allowing Appellant an interpreter at the Court Trial.
SECOND ASSIGNMENT OF ERROR
 The trial court erred in not holding an evidentiary hearing in order to determine the level of Appellant's impairment.
Because defendant's assignments of error are interrelated, we address them jointly.
"The Sixth Amendment requires the trial court to grant an evidentiary hearing when a defendant makes a credible claim that he or she is seriously hearing impaired. Once a court grants an evidentiary hearing to determine the degree of the defendant's disability, it is within the trial court's discretion to decide whether the defendant requires assistance to understand the proceedings and the best means to accomplish that goal." State v. Schaim (1992), 65 Ohio St.3d 51, 64-65. "A trial court should carefully balance the state's interests and the defendant's rights, and take reasonable steps to compensate for the defendant's disability. The judge can consider the cost of alterative measures, the extent to which a particular method will disrupt trial, the degree of the defendant's impairment, and any other relevant factors." Id. at 65.
Moreover, "R.C. 2311.14(A) requires that a trial court appoint an interpreter where a party `cannot readily understand or communicate' as a result of some impairment. Generally, a trial court has broad discretion in determining whether a criminal defendant requires the assistance of an interpreter. * * * Accordingly, this court shall not reverse a trial court's ruling in this regard absent a showing that the trial court acted unreasonably, unconscionably, or arbitrarily." State v. Saah (1990),67 Ohio App.3d 86, 94-95.
Pursuant to Schaim, the trial court was required to hold an evidentiary hearing to determine defendant's need for an interpreter if defendant made a credible claim that he was seriously hearing impaired. By contrast, if defendant neither alerted the trial court to an alleged hearing loss, nor requested the trial court grant him an evidentiary hearing, the trial court does not err in failing to hold the evidentiary hearing to ascertain whether a disability exists. State v. Britton (Nov. 24, 1993), Lorain App. No. 92CA005518, unreported, jurisdictional motion overruled (1994), 69 Ohio St.3d 1444; see, also, State v. Blankenship (1991), 77 Ohio App.3d 324, 331, dismissed, jurisdictional motion overruled (1992), 63 Ohio St.3d 1404.
Here, defendant wrote "Deaf Interpreter" on his demand for a court trial. Moreover, on the day of trial, the court addressed defendant:
THE COURT: Mr. Morris, do you wish to have your trial?
MR. MORRIS: Pardon me?
THE COURT: Do you want your trial?
MR. MORRIS: No, not today.
THE COURT: Well, it's going to happen today.
MR. MORRIS: Well, my lawyer is not here.
 THE COURT: Mr. Morris, there is no lawyer who's notified the Court.
MR. MORRIS: Well, I do got a lawyer, believe me or not.
 THE COURT: Well, Mr. Morris, then you better go out to the pay phone to call your lawyer.
 MR. MORRIS: I can't hear. I'm deaf. If I knew this week beside, I'm not guilty on this is my mirror to prove it. (Tr. 3-4.) (Emphasis added.)
At a later point, the court again addressed defendant:
 THE COURT: Mr. Morris, do you have any statement you would like to make before I take the evidence in this case?
MR. MORRIS: Pardon me? I'm sorry. What now? (Tr. 5.)
While defendant, acting pro se, did not specifically request a hearing, defendant nonetheless alerted the trial court both in pretrial proceedings and during trial to his alleged hearing impairment. Pursuant to Schaim, the trial court erred in not conducting an evidentiary hearing to determine whether defendant's impairment required the assistance of an interpreter.
At the same time, we recognize the record contains multiple instances suggesting that, with witnesses speaking loudly and the amplification provided by microphones in the courtroom, defendant understood much of the proceedings. Without question, the record reflects that defendant several times mentioned either that he was deaf, could not hear, or could not understand, in which instances the question or statement was repeated. However, his answers to most questions posed to him were responsive. For example, the court addressed defendant:
 THE COURT: Do you have any statement you would like to make before I take the evidence in this case and hear from the witnesses?
 MR. MORRIS: Well, No. 1, I did not hit the guy. I was parking and waiting for clear traffic, and besides, he got a bubble on his door. My door is flat. If I did hit him, I would smash his door in too. But he knocked my mirror off on my car and I told my insurance about it, and he said tell the judge the situation about what happened, how I was sitting still, waiting for clear traffic. I look on the other side of the mirror and there's about people in the car. When they hit me, they go "Wooo." I didn't do nothing.
 THE COURT: All right. Mr. Morris, in this case, this is not about who's at fault in any accident. I am not going to make that decision. This case is about whether or not you changed lanes
MR. MORRIS: No, I didn't change lanes.
 THE COURT: — when you were traveling without safety. All right. Then I'm going to hear from all the witnesses, including you, and I'll make a decision.
MR. MORRIS: Go ahead. (Tr. 5-6.)
Given the foregoing, and in compliance with the dictates of Schaim, we vacate the judgment of the trial court in order to allow the trial court to conduct the required evidentiary hearing. In that hearing, if the trial court determines that defendant's hearing impairment, if any, was appropriately and sufficiently addressed through the measures the trial court took during the course of the trial, the trial court properly may reinstate its judgment. By contrast, if the trial court determines defendant's hearing impairment required measures beyond those provided through the witnesses' speaking loudly into the microphones in the courtroom, then the trial court should conduct another trial implementing the appropriate steps to address defendant's hearing impairment.
Accordingly, defendant's two assignments of error are sustained to the extent indicated, the judgment of the trial court is vacated, and this matter is remanded to the trial court to conduct an evidentiary hearing pursuant to Schaim.
Judgment vacated and case remanded.
LAZARUS and DESHLER, JJ., concur.